UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE COLBERT,

Plaintiff,

v.

CHRISTOPHER ROBERTSON,

Defendant.
______________________________/

Case No. 4:26-cv-14084

F. Kay Behm
United States District Judge

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

On October 26, 2026, Plaintiff Europe Colbert filed a complaint against Defendant Christopher Robertson alleging violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Federal Wiretap Act, 18 U.S.C. § 2520, as well as claims of "aiding and abetting a tort / civil concerted action," defamation per se, and intentional infliction of emotional distress. (ECF No. 1). On the same day, she also filed an application to proceed without prepaying fees or costs. (ECF No. 2). The Court finds the application to proceed without prepaying fees and costs facially sufficient

and **GRANTS** the application. For the reasons explained below, however, Plaintiff's federal claims will be summarily **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B), and her state law claims will be **DISMISSED** without prejudice.

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require

'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Plaintiff asserts federal claims under the Stored Communications Act and the Federal Wiretap Act. This is the second case that Plaintiff has filed in this district against this Defendant asserting a claim under the Stored Communications Act.[1] *See Colbert v. Robertson*, No. 26-13174, 2026 WL 3443971 (E.D. Mich. Oct. 2, 2026) (Grey, J.). Her first case was dismissed after the court concluded that "Colbert's vague allegation that Robertson

[1] Plaintiff has since been enjoined from filing new complaints without leave of Court. *See* Case No. 2:26-cv-13231, ECF No. 8.

accessed their 'private electronic communications' is not a claim under the [Stored Communications Act]." *Id.* at *2. Although that complaint was dismissed without prejudice, Plaintiff has entirely failed to cure the deficiencies of her first claim or to otherwise make out a claim under the Stored Communications Act or the Federal Wiretap Act.

As was explained to Plaintiff in her first case,

> The SCA prohibits: (1) intentionally access[ing] without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceed[ing] an authorization to access that facility … thereby obtain[ing] … access to a wire or electronic communication while it is in electronic storage. 18 U.S.C. § 2701(a)). An allegation that a person accessed electronic communications stored on personal computers or cell phones "without any allegation that the person obtained information from the electronic-communication service provider, fails to state a claim for violation of the [SCA]." *Branden v. Branden*, No. 3:17-CV-320, 2018 WL 11303983, at *5 (E.D. Tenn. Feb. 26, 2018).

*Id.* In the present case, Plaintiff says that "Defendant intentionally, willfully, and without authorization accessed, acquired, utilized, or disclosed private electronic communications, files, or personal digital materials belonging to or concerning Plaintiff, utilizing interstate electronic communication channels and digital infrastructures." (ECF No. 1, PageID.4). As with her first case

against Defendant, these vague allegations fail to establish that Defendant violated the Stored Communications Act.

As for Plaintiff's claim under the Federal Wiretap Act, she cites the section of the Act which creates a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520. However, Plaintiff's complaint fails to plausibly allege that any of her communications were intercepted, disclosed, or intentionally used. Instead, Plaintiff generally alleges, without detail, that "Defendant's unauthorized acquisition and exploitation of electronic communications and digital files directly violate federal statutory protections…" (ECF No. 1, PageID.4). This is insufficient. Overall, a complaint must allege facts establishing that the plaintiff is entitled to relief, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has presented only "naked assertions devoid of further factual enhancement." *Id.* (citation omitted). There are no facts included in the complaint that would lead the Court to draw a reasonable inference that Defendant is liable for violations of either the Stored Communications Act or the Federal Wiretap Act. As such, Plaintiff's federal claims must be dismissed for failure to state a claim, and

because the Court finds that the claims are frivolous and no amendment could cure the deficiencies, this dismissal will be with prejudice. *See Lewis v. Winkler*, No. 1:23-CV-340, 2023 WL 4084782, at *4 (S.D. Ohio June 20, 2023) ("When a case is legally frivolous under 28 U.S.C. § 1915(e)(2), courts often dismiss with prejudice."), *report and recommendation adopted*, 2025 WL 332489 (S.D. Ohio Jan. 29, 2025).

This leaves Plaintiff's state law claims for "aiding and abetting a tort / civil concerted action," defamation per se, and intentional infliction of emotional distress. Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well."); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). As Plaintiff has failed to state either of her federal claims, her state law claims will also be dismissed.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's federal claims are **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B), and her state law claims are **DISMISSED** without prejudice.

**SO ORDERED.**

Date: November 16, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge